IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLIVER FERNANDO POLANCO ALVARADO,

Petitioner,

v.                                                          No. 1:26-cv-00227-KG-LF

WARDEN, Torrance County Detention Facility, et al.,

Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Oliver Fernando Polanco Alvarado's 28 U.S.C. § 2241 habeas petition, Doc. 1, and the Government's response, Doc. 5.  Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice for the reasons below.

### I.     Background

Mr. Polanco Alvarado, a citizen and native of Nicaragua, entered the United States on November 13, 2022.  Doc. 1 at 2.  Upon entry, Mr. Polanco Alvarado "was granted parole by the Department of Homeland Security."  *Id.*  On February 11, 2026, an Immigration Judge ordered Mr. Polanco Alvarado removed to Nicaragua.  *See* Doc. 5-2.  Both parties waived appeal, so Petitioner's order of removal became administratively final on February 11, 2026.  *Id.*

### II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

1

### III.    *Analysis*

After reviewing the record and applicable legal authority, the Court concludes that Mr. Polanco Alvarado fails to meet the standards set out in *Zadvydas* and that his petition is therefore denied without prejudice.

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During that 90-day removal period, the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period, the Supreme Court held, is presumptively reasonable. *Id.* at 701. After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future…shrink[s]." *Id.* The remedy for a due process violation under *Zadvydas* is typically release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, the Court denies Mr. Polanco Alvarado's habeas petition without prejudice. As of the date of this order, Petitioner has been detained for under one month since

his order of removal became administratively final on February 11, 2026, which is under the

presumptively reasonable six-month period of detention that *Zadvydas* recognized.

### IV.     *Conclusion*

Petitioner's § 2241 petition (Doc. 1) is denied without prejudice.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.